**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**The GREAT ATLANTIC & PACIFIC TEA CO., Inc., Respondent.**

**No. 72–1179**

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

June 6, 1972.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Charles M. Paschal, Jr., Director, Region 15, N.L.R.B., Harry L. Hopkins, New Orleans, La., Peter G. Nash, Gen. Counsel, Louis V. Baldovin, Jr., Atty., N.L.R.B., for petitioner.

Andrew C. Partee, Jr., Kullman, Lang, Keenan, Inman & Bee, New Orleans, La., for respondent.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitions for enforcement of its order finding the Great Atlantic & Pacific Tea Co., Inc., Respondent, guilty of violation of § 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The Board found that Respondent had violated § 8(a) (1) of the Act by coercively interrogating its employees concerning their Union membership and Section 7 activities, by instructing the employees not to display Union insignia while at work, and by holding employees up to ridicule by their fellow employees and threatening them with reprisal because of their Union adherence.

The Board set aside a representation election won by the Respondent.[1]

A review of the record as a whole shows that the Board's § 8(a) (1)

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. The proceedings before the hearing examiner and the Board were consolidated to consider both the representation question and the Union's § 8(a) (1) charge. Under the scope of review available to this court under § 10(e) of the Act, we do not have before us the question of whether the Board properly set aside the repre-

sentation election. See A.F.L. v. N.L.R.B., 308 U.S. 413 (1949). § 9(d) of the Act prevents review of Board orders unless the Board has requested some affirmative action. N.L.R.B. v. Falk Corp., 308 U.S. 453, 60 S.Ct. 307, 84 L.Ed. 396 (1940). The Congressional enactments have required that an aggrieved employer take a tortuous path to court review, but, like as not, the representation question is not before us. See N.L.R.B. v. Cactus Drilling Corp., 455 F.2d 871 (5th Cir. 1972).

finding, at least as far as it pertains to the ridicule of a Union adherent, is supported by substantial evidence. We, therefore, enforce that portion of the Board's order. The Board also found that the interrogations, involving two employees amongst a hundred in eight separate and scattered stores, were coercively conducted. Employer interrogation alone is not a vice. Section 8(c) of the Act permits a company to do more than simply sit by during a Union campaign. The vice arises when the interrogation is coercive under the factors this court has previously enumerated in N.L.R.B. v. Camco, Inc., 340 F.2d 803 (5th Cir., 1965). This determination in the first instance is for the National Labor Relations Board and ought not be disturbed unless substantial evidence does not support it. A full review of this record shows the Board's conclusions to be supported by substantial evidence.

The petition for enforcement is granted and the Board's order is enforced.